# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BENJAMIN W. NORMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   06-10518  NMG |
| | ) | |
| GIOVE LAW OFFICE, P.C., RODNEY | ) | |
| ANTHONY GIOVE and JOHN DOES 1-4, | ) | |
|     Defendants. | ) | |

## AMENDED COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

### PARTIES

3. Plaintiff, Benjamin W. Norman, is a natural person residing in Jamaica Plain, Massachusetts.

4. Defendant Giove Law Office, P.C. (hereafter "Giove Law Office") is a New York corporation with a principal executive office in Niagara Falls, New York, and is engaged in the business of collecting debts in Massachusetts.

5. Giove Law Office regularly attempts to collect debts owed or due or asserted to be

owed or due others.

6. Giove Law Office uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of consumer debts.

7. Giove Law Office is a debt collector as that term is defined in FDCPA § 1692a(6).

8. On information and belief, at all relevant times, Giove Law Office was required by M.G.L. ch. 93 §§ 24-28 to be licensed as a debt collector with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

9. On information and belief, at all relevant times, Giove Law Office was not licensed as a debt collector with the Massachusetts Division of Banks.

10. Defendant Rodney Anthony Giove (hereafter "Giove") is a natural person and is the Chairman or Chief Executive Officer of Giove Law Office.

11. On information and belief, Giove is licensed to practice law in New York, but is not licensed to practice law in Massachusetts.

12. Giove regularly attempts to collect debts owed or due or asserted to be owed or due others.

13. Giove uses instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of consumer debts.

14. Giove is a debt collector as that term is defined in FDCPA § 1692a(6).

15. On information and belief, at all relevant times, Giove was required by M.G.L. ch. 93 §§ 24-28 to be licensed as a debt collector with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

16. On information and belief, at all relevant times, Giove was not licensed as a debt

collector with the Massachusetts Division of Banks.

17.     On information and belief, Giove determines, directs and implements the policies and procedures used by Giove Law Office, including those described below.

18.     On information and belief, there is unity of interest and ownership between Giove Law Office and Giove such that they are essentially the same personality and Giove Law Office is the alter ego of Giove.

19.     On information and belief, Defendant Giove Law Office is inadequately capitalized, does not observe corporate formalities, does not pay dividends, lacks sufficient corporate records, has no functioning directors and has only one person, Giove, in the position of its officers, who does not function as such. On information and belief Defendant Giove Law Office's dominant shareholder, Giove, siphons away the corporate assets and uses the corporation in promoting fraud.

20.     Honoring the corporate separateness of Giove Law Office would promote fraud or create injustice and justice requires disregarding the corporate form of Giove Law Office.

21.     Defendants John Does 1-4 are other natural persons that were involved in collection activity described below.  Plaintiff does not know who they are.

22.     On information and belief, John Does 1-4 were, at all relevant times, employees or agents of Defendants Giove Law Office and Giove acting within the scope of their employment or agency.

23.     John Does 1-4 regularly attempt to collect debts owed or due or asserted to be owed or due others.

24.     John Does 1-4 use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of consumer debts.

3

25. John Does 1-4 are debt collectors as that term is defined in FDCPA § 1692a(6).

**FACTUAL ALLEGATIONS**

26. On or about September 2, 2005, John Doe 1 left a message on Plaintiff's voice mail referring to a "county courthouse" and to "civil case number 1180-44," and instructing him to direct any questions regarding that "case" to "Attorney Rodney Giove's office."

27. On or about September 6, 2005, Plaintiff received a letter dated August 12, 2005 from Defendants, mailed to Plaintiff in their attempt to collect an alleged debt to Bank of America (hereafter "the debt"). A copy of that letter is attached hereto as **Exhibit 1**.

28. Plaintiff does not owe the debt. The debt, if it exists, either belongs to another person or is the result of a theft of Plaintiff's identity that occurred approximately late in 2000.

29. Exhibit 1 was the first written correspondence Plaintiff received from Defendants.

30. The letterhead of Exhibit 1 purports to be from Giove Law Office at an address of 65 Great Arrow Drive, Buffalo, NY 14216.

31. Exhibit 1 states that the "Balance" on the debt is $8,251.32.

32. Exhibit 1 states that the "original debt" was incurred by Plaintiff, that it had been sold to First American Investment Company (hereafter "First American") and that the "original creditor" was Bank of America.

33. Exhibit 1 states that Plaintiff's "past due contract is currently being reviewed."

34. Exhibit 1 was signed by John Doe 2. The signature is illegible.

35. On or about September 9, 2005, Plaintiff spoke on the telephone with John Doe 3, who identified himself as "Lindsay Hicks" (hereafter "Hicks") In this conversation, Plaintiff told Hicks that the debt was not his.

36. In this conversation, Hicks told Plaintiff that the principal balance on the debt was $5,030.20, the interest was $3,282.47 and the "pre-trial balance" was $8,312.67. Hicks also told Plaintiff that the "charge-off" date was August 3, 2001, the date of "last payment" was February 4, 2002, the account was opened on November 14, 2000 and the date First American purchased the debt was July 29, 2005.

37. In the same conversation, Hicks told Plaintiff that if Plaintiff didn't pay the debt or make a payment arrangement, Hicks would send the "case" to the attorney, who would file a lawsuit.

38. In the same conversation, Hicks told Plaintiff that if Plaintiff hired a lawyer, the lawyer would have a difficult challenge with this "case."

39. On or about September 20, 2005, John Doe 4, who identified himself as "Charles Newman" (hereafter "Newman"), left another message on Plaintiff's voice mail, stating that he was calling from "Attorney Rodney Giove's office," referring to "a case here that we are trying to resolve with you voluntarily," urging Plaintiff to contact him about Plaintiff's "intentions with regard to this case," and stating that "the attorney has asked me to give you a call" regarding Plaintiff's intentions.

40. On or about December 7, 2005, Plaintiff mailed a letter dated December 5, 2005 to Defendant Giove Law Office at the address on the letterhead of Exhibit 1, disputing the debt and requesting, pursuant to 209 C.M.R. 18.18(3), copies of all documents concerning the debt in Defendants' possession bearing his signature and all Defendants' records accounting for all payments, credits and charges concerning the debt. A copy of that letter is attached hereto as **Exhibit 2**.

41. Defendants received Exhibit 2 on December 9, 2005. A copy of the certified receipts showing delivery of Exhibit 2 is attached hereto as **Exhibit 3**.

42. Plaintiff never received from Defendants any of the documents he requested in Exhibit

2.

43. In late December 2005 or early January 2006, Plaintiff received from Defendants a document entitled "Affidavit of Indebtedness," with no accompanying correspondence or other documentation. A copy of that affidavit is attached hereto as **Exhibit 4**.

44. Exhibit 4 purports to be the affidavit of a Harvey Denis (hereafter "Denis"), who describes himself as Assistant Vice President of First American Investment Company, LLC, and gives an address for First American of "65 Great Arrow, Buffalo, NY 14216," the same address as that on Exhibit 1, purporting therein to be the address of Defendant Giove Law Office.

45. Exhibit 4 contains only conclusory statements and does not purport to be made on the personal knowledge of Denis.

46. Exhibit 4 falsely states that "There is due and payable from BEN W NORMAN . . . the amount of $8,536.18 . . . . By the terms of the agreement between defendant and the original creditor, interest is accruing from the aforesaid date at the rate of 15.9 percent per annum."

47. Exhibit 4 is not responsive to Plaintiff's request for documentation pursuant to 209 C.M.R. 18.18(3).

48. Exhibit 1 gives the impression that an attorney at Giove Law Office is reviewing the debt.

49. On information and belief, the debt had not been and was not being reviewed by an attorney at Giove Law Office at the time Exhibit 1 was sent.

50. On information and belief, neither Giove nor any attorney at Giove Law Office had any significant involvement in the particular attempts to collect the debt from Plaintiff.

51. On information and belief, Giove, who is not licensed as an attorney in Massachusetts,

does not usually file collection actions in Massachusetts and had no intention of instituting a civil action against Plaintiff to collect the debt.

52. On information and belief, no suit has been filed against Plaintiff by Defendants to collect the debt.

## COUNT I — FDCPA

53. Plaintiff realleges paragraphs 1 through 52 above.

54. Plaintiff is a consumer as that term is defined in FDCPA § 1692a(3).

55. The alleged debt was a debt as that term is defined in FDCPA § 1692a(5).

56. Defendants and their agents have violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. False and misleading representations as to the character, amount and legal status of the debt, in violation of FDCPA §§ 1692e, 1692e(2)(A) and 1692e(10);

    b. False representation or implication that Giove is an attorney for purpose of filing a lawsuit against Plaintiff in Massachusetts, in violation of FDCPA §§ 1692e, 1692e(3) and 1692e(10);

    c. False representation or implication of meaningful attorney involvement, in violation of FDCPA §§ 1692e, 1692e(3), 1692e(5) and 1692e(10);

    d. Threatening to take action, including legal action, that is not intended to be taken, in violation of FDCPA § 1692e, 1692e(5) and 1692e(10);

    e. Placement of telephone calls without meaningful disclosure of the caller's identity, in violation of FDCPA §§ 1692d and 1692d(6);

    f. Creating a false sense of urgency, in violation of FDCPA § 1692e(10);

      g.      Attempting to collect an amount not expressly authorized by agreement or permitted by law, in violation of FDCPA § 1692f and 1692f(1);

      h.      Failing to clearly disclose the information required by FDCPA § 1692e and 1692e(11);

      i.      False and misleading representations and implications that Defendants are entitled to collect debts in the Commonwealth of Massachusetts, in violation of FDCPA § 1692e and 1692e(10);

      j.      Use of conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of FDCPA § 1692d;

      k.      Use of false, deceptive or misleading representations or means in connection with the collection of the debt, in violation of FDCPA § 1692e; and

      l.      Use of unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of FDCPA § 1692f.

## PLAINTIFF'S DAMAGES

57.    As a result of Defendants' violations of the FDCPA, Plaintiff suffered actual damages, including aggravation, inconvenience, frustration and emotional distress.

58.    Defendants intended to cause Plaintiff emotional distress by their actions and conduct described herein.

59.    Plaintiff is entitled to his actual damages pursuant to FDCPA § 1692k(a)(1).

60.    Plaintiff is also entitled to an award of statutory damages pursuant to FDCPA § 1692k(a)(2)(A).

61.    Plaintiff is entitled to his costs and attorney's fees pursuant to FDCPA § 1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff and against Defendants in the amount of his actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Enter judgment for the Plaintiff and against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Award the Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Grant such other and further relief as may be just and proper.

> Benjamin W. Norman, Plaintiff
> by his Attorney,
>
> s/Yvonne W. Rosmarin
> Yvonne W. Rosmarin  BBO #566428
> Law Office of Yvonne W. Rosmarin
> 58 Medford Street
> Arlington, MA 02474
> 781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

> s/Yvonne W. Rosmarin
> Yvonne W. Rosmarin

PO Box 992
Buffalo NY 14207
ADDRESS SERVICE REQUESTED

**GIOVE LAW OFFICE, P.C.**
P.O. Box 992
Buffalo, New York 14207
1-866-221-1270 • Fax (716) 447-8059
www.giovelawoffice.com

August 12, 2005

msg 3:50pm 9-9-05

118044 - AFI0 - 001203
Ben Norman
# 3
101 Montebello Rd
Jamaica Plain MA 02130-2907

ID: 4319038603047778
Original Creditor: BANK OF AMERICA
Current Creditor: First American Investment Compa
File #: 118044

Balance: $8,251.32

AMNYT0FI190121D9D8

ID:       4319038603047778    Original Creditor: BANK OF AMERICA
File #:   118044              Current Creditor: First American Investment Company    Balance: $8,251.32

Dear Ben Norman:

This is a demand for payment of the original debt incurred by you. The debt identified above was sold by BANK OF AMERICA, all of your rights and obligations regarding this contract have been placed with this office.

Your past due contract is currently being reviewed. You may choose to resolve this matter with one of the following options: (1) You may pay the balance in full in the amount of $8,251.32 with certified funds or (2) You may contact this office to make an acceptable payment arrangement.

You may contact this office toll free at 1-866-221-1270, Monday through Saturday 8:00am-9:00pm EST. **Please refer to the file number indicated above.**

Federal law requires we notify you this is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

If you would like to discuss the way your account has been serviced, you may contact our Compliance department toll free at (800) 519-6044.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

Sincerely,

Giove Law Office

65 Great Arrow Drive, Buffalo, New York 14216
*Direct all correspondence to the post office box address as set forth above.*

**EXHIBIT 1**

Certified Mail – Return Receipt Requested

Ben Norman<br>
101 Montebello Road<br>
Boston, MA 02130<br>
<br>
December 5, 2005

Giove Law Office, P.C.<br>
P.O. Box 992<br>
Buffalo, NY 14207

**RE:   Dispute and Request for Account History**
**Account No. 4319038603047778, File # 118044**

To Whom it May Concern,

    I am writing to dispute the validity of the debt in your Account No. 4319038603047778, File # 118044.

    I am also requesting, pursuant to Massachusetts Law, 209 C.M.R. 18.18(3), that you provide me, within five business days from your receipt of this letter, with copies of all documents in your possession which bear my signature and which concern this debt and of your record accounting for all payments, credits, and charges concerning this debt.

Sincerely,

*[signature]*

Ben Norman

**EXHIBIT 2**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Giove Law Office
   PO Box 992
   Buffalo, NY 14207

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X Jennifer Walker    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                   12-9-05

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
   7005 0390 0003 5821 8373

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

BUFFALO, NY 14207

| | | |
|---|---|---|
| Postage | $ 0.37 | UNIT ID: 0130 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KVK2JY |
| Total Postage & Fees | $ 4.42 | 12/07/05 |

Sent To: Giove Law Office
Street, Apt. No.; or PO Box No.: P.O. Box 992
City, State, ZIP+4: Buffalo, NY 14207

PS Form 3800, June 2002    See Reverse for Instructions

**EXHIBIT 3**

# AFFIDAVIT OF INDEBTEDNESS

State of New York )
County of Erie ) ss.

Harvey Denis, being sworn, deposes and says that he is Assistant Vice President of First American Investment Company, LLC, herein called assignor, which is doing business at 65 Great Arrow, Buffalo, New York 14216 and that he is authorized to make the statements and representations herein.

There is due and payable from BEN W NORMAN, account number 4319038603047778, the amount of $ 8,536.18 (principal balance in the amount of $ 5,030.20 plus interest up through 8/3/2001 in the amount of $ 3,505.98 ). By the terms of the agreement between defendant and the original creditor, interest is accruing from the aforesaid date at the rate of 15.9 percent per annum.

This account was originated with BANK OF AMERICA. First American Investment Company, LLC, purchased this account. Said account has been assigned, transferred and set over unto, Glove Law Office, PC, with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of said claim.

12/20/2005

_____
First American Investment Company, LLC

By: <u>Harvey Denis, Assistant Vice President</u>
Title

<u>65 Great Arrow, Buffalo, NY 14216</u>
Address

Subscribed and sworn to before me this 20 day of Dec , 20 01

_____
Notary Public

My commission expires

JOHN SORTINO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01-SO60-5827
Qualified in ...
Commission Expires September 22, 20..

**EXHIBIT 4**